541 P.2d 584

James M. SMITH, Appellant,

v.

The PIMA COUNTY LAW ENFORCEMENT COUNCIL, Felix L. Goodwin, Thomas Meehan, Pat P. Lopez, Jr., William Schulmeyer, and Lloyd C. Vath, in their official capacity only, as members of the Pima County Law Enforcement Merit System Council, Appellees.

No. 2 CA–CIV 1847.

Court of Appeals of Arizona, Division 2.

Oct. 22, 1975.

Rehearing Denied Nov. 26, 1975.

Review Granted Dec. 16, 1975.

Knez, Glatz & Crites, P. C. by Richard D. Crites, Tucson, for appellant.

Bruce E. Babbitt, Atty. Gen. by Charles E. Buri, Asst. Atty. Gen., Tucson, for appellees.

OPINION

HATHAWAY, Judge.

Appellant filed an appeal with the Pima County Law Enforcement Council seeking review of his dismissal from the Pima County Sheriff's Department. A hearing was held on the issue of whether he was entitled to a hearing. The council determined that appellant was a probationary employee and therefore could not appeal his dismissal. Appellant brought a special action proceeding in superior court and the council's ruling was sustained. This appeal followed.

Rule XI–2, Pima County Law Enforcement Merit System Council Rules and Regulations provides:

"The Council will not accept appeals

\*     \*     \*     \*     \*     \*

(c) From probationary employees except for alleged discrimination."

This rule conflicts with A.R.S. § 38–1003:

"The council, pursuant to recognized merit system principles of public employment, *shall* from time to time:

\*     \*     \*     \*     \*     \*

6. Hear and review appeals from *any* order of the department head in connection with suspension, demotion, or dismissal of a classified law enforcement officer." (Emphasis added)

Appellees contend that the word "any" means the council can decide which appeals to hear and which not to hear. "Any" has different meanings in different contexts, but in the present case "any" clearly means "all." The Arizona Supreme Court recently stated in *Ross v. Industrial Commission,* Ariz., 540 P.2d 1234 (filed October 1, 1975):

"Where the language of a statute is plain and unambiguous and conveys a

clear and definite meaning, there is no occasion to interpret the statute, and courts must follow the meaning of the statute as written."

A.R.S. § 38–1003 does not allow the council to refuse to hear appeals from probationary employees. As there is no dispute that appellant is a "classifed law enforcement officer," the council is required by law to hear his appeal.

Reversed and remanded for further proceedings consistent with this opinion.

HOWARD, C. J., and KRUCKER, J., concur.